UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TITUS MCBRIDE,

                    Plaintiff,

          -against-

NEW YORK CITY POLICE DEPARTMENT;
DETECTIVE ALBERT VELEZ; DETECTIVE
DAVID MISCHA,

                Defendants.

15-CV-3203 (LAP)

ORDER TO AMEND

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging false arrest. By order dated May 4, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the following reasons, the Court directs Plaintiff to submit an amended complaint within sixty days of the date of this order.

<div align="center">STANDARD OF REVIEW</div>

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that on April 21, 2014, at 4:45 in the morning, Defendants Albert Velez and David Mischo, along with two other New York City Police Department detectives from the warrant squad, "violated the sanctity of [his] home by force without probable cause or a 'warrant'" when they entered his home to arrest him.  (Compl. ¶ II(D).)  As a result of this alleged false arrest, Plaintiff claims he suffered "cruelty and mental anguish and some paranoider [sic] d[ue] to a nervous disorder and schizophrenia."  (*Id.* ¶ III.)

Plaintiff seeks $250,000 in monetary damages.  (*Id.* ¶ V.)

## DISCUSSION

**A.    False Arrest**

A claim for false arrest under § 1983 incorporates the elements of the claim under New York law.  *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).  Under New York law, "a plaintiff must show that (1) the defendant intended to confine him. (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."  *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (citation and internal quotation marks omitted).  An arrest is justified or privileged if probable cause existed.  *Id*. at 135; *Shain v. Ellison*, 273 F.3d 56, 67-68 (2d Cir. 2001).

An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."  *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (internal quotation marks omitted)); *see also Devenpeck v. Alford*, 543 U.S. 146 (2004) (An arrest is privileged if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest.").  "When

2

information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

Plaintiff claims that Defendants did not have probable cause to arrest him. This conclusory assertion is not supported by any facts, and Plaintiff provides only a bare-bones description of his arrest. Plaintiff is therefore granted leave to amend his complaint to detail his claim as follows: (1) he must describe the circumstances that led to his arrest and detail what occurred during the arrest; (2) provide more facts about the nature of the charges brought against him (including any charges that were dismissed); and (3) detail the subsequent proceedings. If the District Attorney's Office dismissed the charges without prosecution, he should say so. If his charges are still pending, Plaintiff must detail the status of his criminal proceedings. If Plaintiff pled guilty or was found guilty at trial, he must confirm whether any of the charges against him were dismissed. If he was acquitted, he must inform the Court of this outcome.

**B.      New York City Police Department**

Plaintiff's claims against the New York City Police Department must be dismissed because an agency of the City of New York is not an entity that may be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y.1999).

Insofar as Plaintiff names the City of New York as a defendant, his claims must be dismissed. A complaint alleging violations of a plaintiff's federally protected rights by a municipal defendant, such as the City of New York, must include factual allegations suggesting

3

(1) the existence of an officially adopted policy or custom of the municipality that caused the plaintiff's injury, and (2) a direct and deliberate causal connection between that policy or custom and the violation of that plaintiff's federally protected rights.  *See Bd. of Cnty. Comm'rs of Bryan Cnty., OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines.  *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Monell*, 436 U.S. at 691.

Plaintiff fails to allege any facts suggesting that the alleged violations were caused by any policy, practice, or custom of the City of New York but appears to bring this action against the municipal Defendant to hold it vicariously liable for its employees' actions, which is not permissible under § 1983.  Therefore, Plaintiff's claims against City of New York must be dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Leave to Amend**

Plaintiff is granted leave to amend his complaint to detail his false arrest claim.  First, Plaintiff must name as the defendant(s) in the caption[1] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]  The naming of John Doe

---

[1] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[2] For example, a defendant may be identified as: "Police Officer John Doe #1 on duty April 21, 2014, during the 12 a.m. – 7 a.m. shift."

defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

a)      give the names and titles of all relevant persons;

b)      describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)      give the location where each relevant event occurred;

e)      describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)      state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why Plaintiff is entitled to relief.  Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.  Plaintiff is directed to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 15-CV-3203 (LAP).  An Amended Civil Rights Complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 20, 2015
     New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

        **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

**I.**    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>Who did what?</strong></div>

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____
_____
_____

D.      Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>What happened to you?</strong></div>

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Was anyone else involved?

_____
_____
_____
_____
_____
_____

Who else saw what happened?

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?
_____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.  Which claim(s) in this complaint did you grieve?
_____

2.  What was the result, if any?
_____

_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

### VI.   Previous lawsuits:

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

**On these claims**

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____

_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Inmate Number            _____

                    Institution Address       _____

                                            _____

                                            _____

                                            _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                    Signature of Plaintiff:   _____